UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-62405-RUIZ/STRAUSS

**EFRAIN COLON, JR.**

    Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY**,

    Defendant.

_____/

## ORDER ON PLAINTIFF'S UNOPPOSED MOTION TO SUBSTITUTE PARTY

**THIS CAUSE** comes before the Court upon Plaintiff's Unopposed Motion to Substitute Party ("Motion") filed on August 18, 2021. (DE 21). Plaintiff filed his complaint against the Commissioner of Social Security on November 24, 2020 seeking judicial review of a denial of a claim for disability benefits under Title II of the Social Security Act. (DE 1; DE 1-1 at 6; DE 1-2 at 2). Counsel for Plaintiff, Ms. Elizabeth Haungs, Esq., now attests that Plaintiff Efrain Colon died on June 24, 2021 and attaches a copy of Plaintiff's death certificate identifying Nayda Colon as the surviving spouse. (DE 21-4; DE 21-2). Ms. Haungs also attaches a copy of the marriage certificate evidencing the marriage of Nayda Colon to Plaintiff and the affidavit of Nayda Colon affirming, *inter alia*, that: (1) Nayda Colon was married to Plaintiff at the time of his death; (2) Nayda Colon and Plaintiff lived in the same household; and (3) Plaintiff had no will. (DE 21-4; DE 21-3; DE 21-1). Ms. Haungs additionally attests that Mrs. Colon informed her that "there is no will, estate, or probate hearings." (DE 21-4 at ¶5). Furthermore, on August 18, 2021, Ms. Haungs filed a Suggestion of Death Upon the Record under Rule 25(a)(1). (DE 20). Ms. Haungs attached a Certificate of Service upon Defendant (DE 21-5) and certifies, pursuant to Local Rule 7.1(a)(3), that Plaintiff contacted counsel for Defendant via e-mail and that Defendant does not object to the proposed substitution of parties (DE 21). The Motion seeks, pursuant to Federal

Rules of Civil Procedure 25(a) and 25(c), an order permitting Nayda Colon to act in place and stead of Plaintiff Efrain Colon, Jr. in all future proceedings. *Id.*

Substitution of Parties is governed by Federal Rule of Civil Procedure 25, which states in pertinent part:

(a) Death.

    (1) *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

    (2) *Continuation Among the Remaining Parties.* After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.

    (3) *Service.* A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

. . .

(c) Transfer of Interest. If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).

Fed. R. Civ. P. 25(a) and (c).

Furthermore, 42 U.S.C. §404(d), titled "Payment to survivors or heirs when eligible person is deceased," provides that a surviving spouse of the deceased as determined by the Commissioner of Social Security shall receive any applicable payment if he or she either: "(i) was living in the same household with the deceased at the time of his death or (ii) was, for the month in which the deceased individual died, entitled to a monthly benefit on the basis of the same wages and self-employment income as was the deceased individual." 42 U.S.C. § 404(d)(1). Therefore, Nayda Colon would be a successor in interest to Plaintiff's claim for benefits and entitled to such benefits

if it is established that she is Plaintiff's surviving spouse who was living with Plaintiff at the time of his death.

Here, the Court finds that the documents filed in the record establish that Nayda Colon is the Plaintiff's surviving spouse and was living with Plaintiff at the time of his death. Thus, Nayda Colon is the proper party to pursue Plaintiff's claim for benefits in this action. Furthermore, the Court finds that the requirements of Federal Rule of Civil Procedure 25 have been satisfied in order to substitute Nayda Colon for Plaintiff in this case. Moreover, Defendant does not object.

Upon consideration of the foregoing, it is hereby

**ORDERED AND ADJUDGED** that

1. Plaintiff Motion (DE 21) is **GRANTED**;

2. The Clerk is directed to **TERMINATE** Efrain Colon as Plaintiff in this action;

3. The Clerk is directed to **ADD** Nayda Colon as Plaintiff in this action.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 19th day of August 2021.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge